846 F.2d 77
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Gloria J. HIGHTOWER, Petitioner,
v.
VETERANS ADMINISTRATION, Respondent.
 No. 88-3008.
 United States Court of Appeals, Federal Circuit.
 March 14, 1988.
 
 Before SMITH, BISSELL and ARCHER, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 The decision of the Merit Systems Protection Board (board), docket No. DE07528710083, upholding the removal of Gloria J. Hightower (Hightower) by the Veterans Administration (agency), is affirmed.
 
 OPINION
 
 2
 Hightower was a licensed practical nurse for the agency. She was removed for willful removal of government property without authorization. On October 6, 1986, Hightower was stopped by security officers after her supervisor alerted the security office that she had a sack with government slippers in it and she was about to leave the hospital. When the sack was opened, it was found to contain 5 pairs of slippers and an ophthalmoscope. She was informed of her rights by the security officers, and she signed a waiver of those rights. During questioning, Hightower admitted that she had taken the items. Hightower was removed by the agency, but the criminal charges were dropped. She appealed the removal to the board. The administrative judge (AJ) found that the agency proved the charge, that Hightower failed to prove harmful procedural error, and that the penalty was appropriate.
 
 
 3
 Hightower contends that the board's decision was not supported by substantial evidence. She argues that no witness testified to seeing her place the articles in the sack. Such direct testimony is not required to support the charge. The evidence before the board was that the articles were in her sack and, at the time she was stopped, she admitted to the security officers that she had taken them. While she denied taking them in her testimony before the AJ, the AJ found the denial not credible due to her admissions on the day of the incident, the lack of an alternative explanation, and her self-interest in the retraction. Credibility determinations are within the discretion of the AJ. Griessenauer v. Department of Energy, 754 F.2d 361, 364 (Fed.Cir.1985). Hightower has failed to show that the board's decision was not supported by substantial evidence.
 
 
 4
 Hightower also argues that the AJ applied an improper burden of proof to her allegations of procedural error. This is simply incorrect. The standard set out by the AJ, that Hightower had the burden of showing that a different result might have been reached absent the procedural errors, is exactly the same standard which Hightower says should have been applied.
 
 
 5
 Finally, Hightower contends that the penalty of removal was too severe. The choice of a penalty is a matter of agency discretion which will not be disturbed unless it exceeds the range of permissible punishments or it is " 'so harsh and unconscionably disproportionate to the offense that it amounts to an abuse of discretion ...'." Villela v. Department of the Air Force, 727 F.2d 1574, 1576 (Fed.Cir.1984) (quoting Power v. United States, 531 F.2d 505, 507 (Ct.Cl.1976), cert. denied, 444 U.S. 1044 (1980)). Hightower contends that the AJ failed to consider all of the Douglas factors in evaluating the appropriateness of the penalty. Douglas v. Veterans Admin., 5 M.S.P.B. 313 (1981). The board is not required to address all of the Douglas factors, only those it deems relevant. Nagel v. Department of Health and Human Services, 707 F.2d 1384, 1386 (Fed.Cir.1983). Here, it is clear that the board properly considered the relevant Douglas factors, expressly stating that Hightower's satisfactory performance did not justify mitigation of the removal penalty.
 
 
 6
 We must affirm the board's decision because it was not arbitrary, capricious, an abuse of discretion, unsupported by substantial evidence, obtained without procedures required by law, rule, or regulation having been followed, or otherwise not in accordance with law. 5 U.S.C. Sec. 7703(c) (1982); see Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984).